DAVID RUSSELL LEE, plaintiff in error, vs. JAMES GORDON BENNETT, defendant in error. (Judgment affirmed.) JOHN GRAHAM, for plaintiff in error, EDWARD SANDFORD, for defendant in error. Lee sued Bennett before an assistant justice of the city of New York, to recover for alleged services rendered by the plaintiff as a reporter for a newspaper. The justice, upon the evidence, rendered judgment for the defendant. The Superior Court of New York, upon *certiorari*, reversed the judgment of the justice. Upon writ of error, the Supreme Court reversed the judgment of the Superior Court, and affirmed that of the justice. This court affirmed the judgment of the Supreme Court.

It seems that the plaintiff sought to raise an implied assumpsit from proof of services rendered, which came to the use of the defendant, and the principal point was, whether the justice properly excluded the opinion of a witness (Doyle) offered by the plaintiff to prove these facts. The question rejected was this: " From that printed copy can you state whose reports they were ?" It was held in the Supreme Court, that the rule which requires witnesses to testify to facts from knowledge and not from belief, justified the exclusion of the testimony. It was not a question of skill and judgment, where witnesses of science and experience are allowed to give their opinion.

MICHAEL CAFFEE, plaintiff in error, vs. ANTON BERTRAND, defendant in error. (Judgment affirmed.) FRANCIS B. CUTTING, for plaintiff in error, A. TABER, for defendant in error. Action of trover—question as to the effect of a judgment of a foreign criminal court, and of the value of the property. (Not reported.)

SETH B. ROBERTS, appellant, vs. DAVID S. JONES and another, executors, &c. respondents. (Decree affirmed.) D. DUDLEY FIELD, for appellant, D. S. JONES, for respondents. Exceptions for impertinence : allowed on the ground of the prolixity of the matter excepted to, even if it could be inquired into on the merits. (Not reported.)

MEDAD PLATT, plaintiff in error, vs. JONATHAN D. CATHELL, defendant in error. (Judgment affirmed.) A. BRADLEY, for plaintiff in error, DANIEL LORD, for defendant in error. This was a case involving the question of the liability of an agent executing, under seal, a *charter party*, in his own name, " agent," added. (Reported, 2 Denio, 604.)